## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE:
KICKEL, PETERS S.

|   | CHAPTER 7 CASE |
|---|---|
|   | CASE NO. 04B-47448 BWB |
|   | JUDGE BRUCE W. BLACK |

Debtor(s)

## TRUSTEE'S FINAL REPORT

To:     THE HONORABLE BRUCE W. BLACK
        BANKRUPTCY JUDGE

NOW COMES THOMAS B. SULLIVAN, TRUSTEE, herein, and respectfully submits to the Court and to the United States Trustee his Final Report and Account in accordance with 11 U.S.C. §704(9).

1.      THOMAS B. SULLIVAN, TRUSTEE was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on 12/28/04. The Trustee was appointed on 12/28/04. An order for relief under Chapter 7 was entered on 12/28/04.

2.      The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.      The disposition of estate property is set forth in Exhibit B. The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.      A summary of the Trustee's Final Report as of 8/29/07 is as follows:

        a. RECEIPTS (See Exhibit C)            $        412,111.53

| | | |
|---|---|---|
| b. DISBURSEMENTS (See Exhibit C) | $ | 375,315.42 |
| c. NET CASH available for distribution | $ | 36,796.11 |
| d. TRUSTEE/PROFESSIONAL COSTS | | |
|    1. Trustee compensation requested (See Exhibit E) | $ | 15,000.00 |
|    2. Trustee Expenses (See Exhibit E) | $ | 185.00 |
|    3. Compensation requested by attorney or other | | |
|       professionals for trustee (Exhibit F) | $ | 30,069.32 |
| e. Illinois Income Tax for Estate (See Exhibit G) | $ | 0.00 |

5.    The Bar Date for filing unsecured claims expired on 09/19/05.

6.    All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the

Trustee.   The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---|
| a. Allowed unpaid secured claims | $ | 0.00 |
| b. Chapter 7 Administrative and 28 U.S.C. §1930 claims | $ | 34,801.82 |
| c. Allowed Chapter 11 Administrative Claims | $ | 0.00 |
| d. Allowed priority claims | $ | 44,669.91 |
| e. Allowed unsecured claims | $ | 567,165.36 |

7.    Trustee proposes that unsecured creditors receive a distribution of 0.00% of allowed claims.

8.    Total compensation and expense previously awarded to Trustee's counsel, accountant or other

professional was $0.00.  Professional's compensation and expense requested but not yet allowed is

$19,616.82.  The total of Chapter 7 professional fees and expenses requested for final allowance is

$34,801.82. (A summary of the professional fees and expenses previously requested is attached hereto

as Exhibit G.)

9.    A fee of $ was paid to Debtor's counsel for services rendered in connection with this case, and

no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for noti ce and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b).   The Trustee further request s that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.


Dated: _8/29/07_____          RESPECTFULLY SUBMITTED,


                                         By:/s/Thomas B. Sullivan_____
                                             THOMAS B. SULLIVAN, TRUSTEE
                                             1900 RAVINIA PLACE
                                             ORLAND PARK, IL  60462
                                             Telephone # (708) 226-2700

## TRUSTEE TASKS

An involuntary bankruptcy petition was filed against the debtor by three trade unions for dues and welfare benefits owed on union tradesmen wages.  The Trustee was appointed on January 26, 2005.

The Trustee developed and reviewed information that became available and worked with counsel for the creditors to complete the schedules and start the process of discovering assets for the benefit of unsecured creditors.  The Trustee employed counsel with court approval on March 4, 2005.  real estate tract and lien searches were conducted.  The Trustee continued to monitor all court proceedings filed in the involuntary proceeding.

The Trustee finally was able to gather sufficient information and reviewed schedules that were complete enough to schedule a first meeting of creditors on June 9, 2005.  Over six months from the date of the filing of the involuntary petition.                    **10 HOURS**

During the first meeting of creditors the Trustee questioned the debtor extensively concerning the financial affairs of Midwest Millwork.  There also appeared to be personal assets which were available to creditors of the personal estate.  It appeared that the debtor had been continuing to operate Midwest Millwork in violation of the bankruptcy rules requiring the debtor to cease doing business after the adjudication of the involuntary.

After the 341 hearing, the Trustee filed an asset report and discussed further action to be taken by the Trustee.  It was also decided to file a motion to extend the time for filing a 727 complaint to object to discharge.                    **5 HOURS**

The Trustee determined that there may be grounds for objecting to the debtor's discharge.  These included discrepancies in the debtor's schedules, discrepancies in the schedules in the Midwest Millwork, Inc. Case Number 04B 47450, a company of which the debtor was President, the Debtor's failure to comply with various court orders, the Debtor's failure to provide information and documentation and otherwise cooperate with the Trustee; and the Debtor's use of funds of Midwest Millwork during that company's bankruptcy case.

A motion was filed to deny the debtor a discharge based on the allegations contained in the motion to extend the time for filing.  The motion to deny a discharge to the debtor was continued for about ten months until the Trustee and counsel determined that they had all of the information necessary to go to trial was available.

After extensive preparation, a trial was held in June 2006.  The Trustee appeared at the trial to testify concerning the matters alleged in the complaint.

A finding was made by the Court in December 2006 denying discharge to the debtor on the basis of Count III and IV of the complaint.

Count III concerning the failure of the debtor to turnover records and books of Midwest Millwork as requested by the Trustee's counsel. The Trustee's counsel had sent a letter to defendant's counsel requesting corporate books and records for Midwest Millwork, specifically including records of payments made by Midwest Millwork, records of accounts receivable and record of seizures of property of the defendant by an entity named "Marano".

The defendant failed or refused to turnover books and records of Midwest Millwork as requested by the Trustee.

The defendant failed to provide documentation of the financial affairs of Midwest Millwork and failed to keep or preserve records.

Count IV concerned the signing of schedules and a statement of affairs of Midwest Millwork under oath which contained known and fraudulently made transfers which consisted of a false oath.

**20 HOURS**

One of the personal assets the debtor listed in his schedules was a 1996 GMC Box Truck with a value of $10,000. The Trustee's counsel had made demands upon the debtor to surrender the vehicle to the Trustee for sale by auction. The failure of the debtor to voluntarily turnover the truck resulted in the Trustee obtaining a court order requiring the debtor to turnover the truck and subsequent contempt proceedings against the debtor for failure to do so.

The debtor did surrender the truck and it was sold at auction for a net value to the estate of $1,750.                          **3 HOURS**

The debtor lived in a house with his wife and children at 412 York, Bolingbrook, IL. The home was purchased in February 1996 for $231,000.

The home was valued at $450,000 on the bankruptcy schedules by the debtor after the involuntary filing on December 28, 2004. The real estate search listed a transfer by the debtor to Harold & Rebecca Oliver dated November 29, 2004.

On October 6, 2006 the Trustee filed a motion to employ a broker to sell the debtor's home. The Trustee received an offer of $410,000 for the home after the realtor was approved.

E. Kinst Distributors, Inc. filed a memorandum of judgment against the home which violated the automatic stay on December 28, 2006. The Trustee filed a motion to have the memorandum of judgment removed as a lien on the home.

Sharon Kickel filed a motion to object to the Trustee's motion to sell the home and listed five objections to the sale. A careful analysis of the objections it appeared that only one objection might have some merit to it. Sharon Kickel felt that an analysis of the sale would show that after all costs and expenses are paid the highest possible recovery for the estate would be $30,000.00

Prior to receiving the formal objections the Trustee was advised through Mrs. Kickel's attorney that that they thought that $51,000 was the best possible recovery the estate could make from the sale. Their analysis was that half would go to the estate or $25,000.00. Mrs. Kickel, with the help of relatives was offering the Trustee $20,000 to purchase Mr. Kickel's interest on September 13, 2006.

The Trustee had to file a motion to give access to the house to continue on with the sale process. The debtor and his wife were not cooperating with the Trustee's agents to expedite the sale. The Trustee's attorneys were able to work out an agreement with the debtor to allow access to the property and obtain a valid independent offer of purchase.

The Trustee filed a motion to sell the real estate for $410,000 which was the best offer received at the time from the real estate broker. Sharon Kickel under the agreed judgment offer, had the right to purchase the real estate. In the event the Trustee had a ready, willing

and ably buyer for the subject real estate.  Sharon Kickel did exercise her right to refinance the property and pay off all liens.

After payment of all the liens, real estate commission and the exemption to the debtor, the estate valued a profit of $34,928.67.

**12 HOURS**

Claims were check and a final report was prepared and filed.

**2 HOURS**

An accountant was hired with court approval and final tax returns were prepared and filed.                           **1 HOUR**

**53 HOURS @ $475.00 = $25,175.00**

**EXHIBT A**

## TRUSTEE COSTS

| | | |
|---|---|---:|
| 1) | **PROPERTY INSIGHT – TRACT SEARCH** | $ 60.00 |
| 2) | **CSC CORPORATION – UCC SEARCH** | 125.00 |

**TOTAL COSTS**                                             **$<u>185.00</u>**

**EXHIBIT B**

**DISPOSITION OF ESTATE PROPERTY**

| Scheduled Property and Disposition | Amount Realized |
|---|---|
|  |  |

| Unscheduled Property | Amount Realized |
|---|---|
| See Forms 1 & 2, attached hereto |  |

TOTAL RECEIPTS          $       412,111.53

TOTAL SCHEDULED VALUE
OF PROPERTY ABANDONED      $       74,317.80

TOTAL SCHEDULED VALUE
OF EXEMPT PROPERTY         $       10,700.00

**EXHIBIT C**

**CASH RECEIPTS AND DISBURSEMENTS**

# Form 1

Page: 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| **Case Number:** 04B-47448 BWB | **Trustee:** (330180)   THOMAS B. SULLIVAN, TRUSTEE |
| **Case Name:** KICKEL, PETERS S. | **Filed (f) or Converted (c):** 12/28/04 (f) |
| | **§341(a) Meeting Date:** 02/10/05 |
| **Period Ending:** 08/28/07 | **Claims Bar Date:** 09/19/05 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) abandon.<br>DA=§554(c) abandon. | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | SINGLE FAMILY RESIDENCE | 450,000.00 | 14,500.00 | | 410,100.00 | FA |
| 2 | OLD SECOND BANK | 2,000.00 | 0.00 | DA | 0.00 | FA |
| 3 | HOUSEHOLD GOODS | 2,000.00 | 0.00 | DA | 0.00 | FA |
| 4 | WEARING APPAREL | 500.00 | 0.00 | DA | 0.00 | FA |
| 5 | 2001 FORD EXCURSION | 10,000.00 | 6,800.00 | DA | 0.00 | FA |
| 6 | 2003 FORD MINI-VAN | 17,000.00 | 17,000.00 | DA | 0.00 | FA |
| 7 | UNION PENSION | 5,666.80 | 5,666.80 | DA | 0.00 | FA |
| 8 | INSURANCE POLICIES | 40,351.00 | 40,351.00 | DA | 0.00 | FA |
| 9 | GMC TRUCK  (u) | 10,000.00 | 10,000.00 | | 1,750.00 | FA |
| Int | INTEREST  (u) | Unknown | N/A | | 261.53 | Unknown |
| 10 | **Assets**       **Totals** (Excluding unknown values) | **$537,517.80** | **$94,317.80** | | **$412,111.53** | **$0.00** |

**Major Activities Affecting Case Closing:**

FILED ADVERSARY TO AVOID LIEN AND SELL REAL ESTATE; MOTION TO TURNOVER TRUCK SET FOR 12/16/05
MOTION TO EMPLOY ACCOUTANT SET FOR 1/26/07 AND PREPARE TO CLOSE CASE

# Form 1

Page: 2

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| **Case Number:** 04B-47448 BWB | **Trustee:** (330180)    THOMAS B. SULLIVAN, TRUSTEE |
| **Case Name:** KICKEL, PETERS S. | **Filed (f) or Converted (c):** 12/28/04 (f) |
| | **§341(a) Meeting Date:** 02/10/05 |
| **Period Ending:** 08/28/07 | **Claims Bar Date:** 09/19/05 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled And Unscheduled (u) Property)  Ref. # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined By Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) abandon. DA=§554(c) abandon. | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**Initial Projected Date Of Final Report (TFR):** December 31, 2005          **Current Projected Date Of Final Report (TFR):** September 30, 2007

# Form 2

## Cash Receipts And Disbursements Record

| | |
|---|---|
| **Case Number:** | 04B-47448 BWB |
| **Case Name:** | KICKEL, PETERS S. |
| | |
| **Taxpayer ID #:** | 13-7549716 |
| **Period Ending:** | 08/28/07 |

| | |
|---|---|
| **Trustee:** | THOMAS B. SULLIVAN, TRUSTEE (330180) |
| **Bank Name:** | JPMORGAN CHASE BANK, N.A. |
| **Account:** | ***-*****04-65 - Money Market Account |
| **Blanket Bond:** | $5,000,000.00   (per case limit) |
| **Separate Bond:** | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 12/15/06 | {1} | OLD SECOND NATIONAL BANK | SALE OF REAL ESTATE | 1110-000 | 410,100.00 | | 410,100.00 |
| 12/19/06 | 1001 | RIVER WOODS ESTATES | ASSOCIATION FEES | 2500-000 | | 25.00 | 410,075.00 |
| 12/19/06 | 1002 | MB FINANCIAL BANK | PAYMENT OF SECURED LIEN | 4110-000 | | 118,277.85 | 291,797.15 |
| 12/28/06 | 1003 | Washington Mutual Home Loans, Inc. | | 4110-000 | | 172,612.68 | 119,184.47 |
| 12/29/06 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.8000% | 1270-000 | 75.51 | | 119,259.98 |
| 01/08/07 | | To Account #********0466 | TRANSFER FUNDS TO PAY REAL ESTATE CLOSING COSTS | 9999-000 | | 84,180.80 | 35,079.18 |
| 01/08/07 | 1004 | EXPRESS ONE - CHICAGO | OVERNIGHT DELIVERY CHARGE | 2990-000 | | 12.54 | 35,066.64 |
| 01/18/07 | | To Account #********0466 | TRANSFER FUNDS | 9999-000 | | 500.00 | 34,566.64 |
| 01/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | 1270-000 | 70.51 | | 34,637.15 |
| 02/28/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | 1270-000 | 17.50 | | 34,654.65 |
| 03/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | 1270-000 | 18.50 | | 34,673.15 |
| 04/05/07 | {9} | AMERICAN AUCTION ASSOCIATES, INC. | SALE OF 1996 GMC BOX TRUCK | 1229-000 | 1,750.00 | | 36,423.15 |
| 04/30/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | 1270-000 | 19.81 | | 36,442.96 |
| 05/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | 1270-000 | 20.10 | | 36,463.06 |
| 06/29/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | 1270-000 | 18.82 | | 36,481.88 |
| 07/31/07 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at  0.6500% | 1270-000 | 20.78 | | 36,502.66 |

|  | | | | Subtotals : | $412,111.53 | $375,608.87 | |

{} Asset reference(s)

Printed: 08/28/2007 11:46 AM     V.9.55

# Form 2

## Cash Receipts And Disbursements Record

| Case Number: | 04B-47448 BWB |
|---|---|
| Case Name: | KICKEL, PETERS S. |
| Taxpayer ID #: | 13-7549716 |
| Period Ending: | 08/28/07 |

| Trustee: | THOMAS B. SULLIVAN, TRUSTEE (330180) |
|---|---|
| Bank Name: | JPMORGAN CHASE BANK, N.A. |
| Account: | ***-*****04-65 - Money Market Account |
| Blanket Bond: | $5,000,000.00   (per case limit) |
| Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| | | | ACCOUNT TOTALS | | 412,111.53 | 375,608.87 | $36,502.66 |
| | | | Less: Bank Transfers | | 0.00 | 84,680.80 | |
| | | | Subtotal | | 412,111.53 | 290,928.07 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $412,111.53 | $290,928.07 | |

{} Asset reference(s)

# Form 2

Page: 3

## Cash Receipts And Disbursements Record

| Case Number: | 04B-47448 BWB | Trustee: | THOMAS B. SULLIVAN, TRUSTEE (330180) |
|---|---|---|---|
| Case Name: | KICKEL, PETERS S. | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | | Account: | ***-*****04-66 - Checking Account |
| Taxpayer ID #: | 13-7549716 | Blanket Bond: | $5,000,000.00   (per case limit) |
| Period Ending: | 08/28/07 | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 01/08/07 | | From Account #*******0465 | TRANSFER FUNDS TO PAY REAL ESTATE CLOSING COSTS | 9999-000 | 84,180.80 | | 84,180.80 |
| 01/08/07 | 101 | ASSOCIATED SURVEYING GROUP, PC | SURVEY FEE | 2500-000 | | 300.00 | 83,880.80 |
| 01/08/07 | 102 | CENTURY 21 | REAL ESTATE COMMISSION | 3510-000 | | 24,606.00 | 59,274.80 |
| 01/08/07 | 103 | PETER KICKEL | EXEMPTION TO DEBTOR<br>Stopped on 05/02/07 | 8100-002 | | 7,500.00 | 51,774.80 |
| 01/08/07 | 104 | SHARON ALIFENTIS KICKEL | REAL ESTATE TAXES FOR 2006/ REFUND TO BUYER | 2820-000 | | 9,346.12 | 42,428.68 |
| 01/08/07 | 105 | HAROLD & REBECCA OLIVER | PAYMENT OF SECURED CLAIM/THIRD MORTGAGE | 4110-000 | | 42,428.68 | 0.00 |
| 01/18/07 | | From Account #*******0465 | TRANSFER FUNDS | 9999-000 | 500.00 | | 500.00 |
| 01/18/07 | 106 | UPS | OVERNIGHT DELIVERY FEE | 2990-000 | | 13.29 | 486.71 |
| 02/07/07 | 107 | INTERNATIONAL SURETIES, | BOND PREMIUM PAYMENT ON LEDGER BALANCE AS OF 12/31/2006 FOR CASE #04B-47448, BOND #016026455 | 2300-000 | | 168.51 | 318.20 |
| 02/28/07 | 108 | WILL COUNTY RECORDER OF DEEDS | RECORDATION FEE FOR MEMORANDUM OF JUDGMENT<br>Voided on 03/09/07 | 2990-000 | | 34.75 | 283.45 |
| 03/09/07 | 108 | WILL COUNTY RECORDER OF DEEDS | RECORDATION FEE FOR MEMORANDUM OF JUDGMENT<br>Voided: check issued on 02/28/07 | 2990-000 | | -34.75 | 318.20 |
| 03/09/07 | 109 | WILL COUNTY RECORDER OF DEEDS | RECORDATION FEE FOR MEMORANDUM OF JUDGMENT | 2990-000 | | 24.75 | 293.45 |
| 05/02/07 | 103 | PETER KICKEL | EXEMPTION TO DEBTOR | 8100-002 | | -7,500.00 | 7,793.45 |

Subtotals :    $84,680.80    $76,887.35

{} Asset reference(s)

Printed: 08/28/2007 11:46 AM    V.9.55

# Form 2

Page: 4

## Cash Receipts And Disbursements Record

| | | |
|---|---|---|
| **Case Number:** | 04B-47448 BWB | |
| **Case Name:** | KICKEL, PETERS S. | |
| | | |
| **Taxpayer ID #:** | 13-7549716 | |
| **Period Ending:** | 08/28/07 | |

| | |
|---|---|
| **Trustee:** | THOMAS B. SULLIVAN, TRUSTEE (330180) |
| **Bank Name:** | JPMORGAN CHASE BANK, N.A. |
| **Account:** | ***-*****04-66 - Checking Account |
| **Blanket Bond:** | $5,000,000.00   (per case limit) |
| **Separate Bond:** | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| | | | Stopped: check issued on 01/08/07 | | | | |
| 05/02/07 | 110 | PETER KICKEL | REISSUANCE OF DEBTOR'S EXEMPTION CHECK #103 | 8100-002 | | 7,500.00 | 293.45 |

|  |  |  |  |
|---|---|---|---|
| **ACCOUNT TOTALS** | 84,680.80 | 84,387.35 | **$293.45** |
| Less: Bank Transfers | 84,680.80 | 0.00 | |
| **Subtotal** | **0.00** | 84,387.35 | |
| Less: Payments to Debtors | | 7,500.00 | |
| **NET Receipts / Disbursements** | **$0.00** | **$76,887.35** | |

| | |
|---|---|
| Net Receipts : | 412,111.53 |
| Less Payments to Debtor : | 7,500.00 |
| Net Estate : | $404,611.53 |

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **MMA # ***-*****04-65** | 412,111.53 | 290,928.07 | 36,502.66 |
| **Checking # ***-*****04-66** | 0.00 | 76,887.35 | 293.45 |
| | $412,111.53 | $367,815.42 | $36,796.11 |

{} Asset reference(s)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:                                          CHAPTER 7 CASE
KICKEL, PETERS S.
                                                CASE NO. 04B-47448 BWB

                                                JUDGE BRUCE W. BLACK
                            Debtor(s)

**<u>PROPOSED DISTRIBUTION REPORT</u>**

    I, <u>THOMAS B. SULLIVAN, TRUSTEE,</u> herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

<u>SUMMARY OF DISTRIBUTION:</u>

| | |
|---|---:|
| Secured Claims: | $ 0.00 |
| Chapter 7 Administrative Expenses: | $ 35,351.82 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(2)-(a)(7)): | $ 1,444.29 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 0.00 |
| Other Priority Claims (507(a)(9)): | $ 0.00 |
| General Unsecured Claims: | $ 0.00 |
| | |
| <u>TOTAL AMOUNT TO BE DISTRIBUTED:</u> | $ 36,796.11 |

| 1. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| Secured Claims | | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 2. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §726(a) & (b) and §507(a)(1) (Chapter 7 costs of administration including court costs and U.S. Trustee quarterly fees pursuant to 28 U.S.C. 1930(6)) | | $     35,351.82 | 100.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|
| ADMIN1 | Grochocinski, Grochocinski & Lloyd, Ltd. | 18,000.00 | 18,000.00 |
| ADMIN2 | Grochocinski, Grochocinski & Lloyd, Ltd. | 149.51 | 149.51 |
| ADMIN3 | Alan D. Lasko | 1,259.40 | 1,259.40 |
| ADMIN4 | Alan D. Lasko | 12.35 | 12.35 |
| ADMIN5 | AMERICAN AUCTION ASSOCIATES, INC. | 195.56 | 195.56 |
| ADMIN6 | THOMAS B. SULLIVAN, TRUSTEE | 185.00 | 185.00 |
| ADMIN7 | THOMAS B. SULLIVAN, TRUSTEE | 15,000.00 | 15,000.00 |
| ADMIN8 | CLERK OF THE U.S. BANKRUPTCY COURT | 550.00 | 550.00 |

| 3. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|---|
| §726(a) & (b) and §507(a)(1) (Debtor-in possession (DIP) administrative expenses) | | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED AMOUNT | DIVIDEND AMOUNT |
|---|---|---|---|

| 4. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(2) - Gap claims arising in involuntary cases and allowed pursuant to §502(f) | | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL          $ | 0.00 |

| 5. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(3) - Wages, salaries or commissions limited to $4,300.00 | | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL          $ | 0.00 |

| 6. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(4) - Contributions to Employee Benefit Funds | | $     44,669.91 | 3.23% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| 003 | CHICAGO DIST. COUNCIL OF CARPENTERS PENSION | 44,669.91 | 1,444.29 |
| | | TOTAL          $ | 1,444.29 |

| 7. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §507(a)(5) - Farmers' and Fishermen's claims to the extent of $4,300.00 | | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL          $ | 0.00 |

| 8. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| 507(a)(6) - Deposits by consumers to the extent of $1,950.00 | | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL           $ | 0.00 |

| 9. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(7) - Alimony | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL           $ | 0.00 |

| 10. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §724(b)(6) - Tax Liens: | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL           $ | 0.00 |

| 11. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(8) - Tax claims excluding fines and penalties | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL           $ | 0.00 |

| 12. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| | §507(a)(9) - Capital Commitments to FDIC, et al. | $          0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL           $ | 0.00 |

| 13. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $ 567,165.36 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| 001 | PETER BORZAK & HEATHER BORZAK | 12,500.00 | 0.00 |
| 003 | CHICAGO DIST. COUNCIL OF CARPENTERS PENSION | 158,814.99 | 0.00 |
| 004 | AETNA PLYWOOD | 28,422.37 | 0.00 |
| 005 | ANTHONY MARANO COMPANY | 367,428.00 | 0.00 |
| | | TOTAL         $ | 0.00 |

| 14. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| General Unsecured Subordinated claims | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL         $ | 0.00 |

| 15. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a)(3) - Late unsecured claims | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL         $ | 0.00 |

| 16. TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|
| §726(a)(4) - Fines/penalties | $ 0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL         $ | 0.00 |

| 17. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(5) - Interest | | $        0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL    $ | 0.00 |

| 18. | TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND% |
|---|---|---|---|
| §726(a)(6) - Surplus to Debtor | | $        0.00 | 0.00% |

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | | TOTAL    $ | 0.00 |

The following claims are not included in the distribution because they have been disallowed or barred by court order or have been withdrawn by the claimant:

| TYPE OF CLAIM | CLAIM NUMBER | CREDITOR AND ADDRESS | AMOUNT OF CLAIM | DISALLOWED /WITHDRAWN (DESIGNATE) |
|---|---|---|---|---|
| Secured | 002 | MB FINANCIAL BANK 801 W MADISON STREET CHICAGO, IL  60601- | $   115,717.03 | Withdrawn |
| **Secured** | **006** | **Kinast Distributors, Inc.** **Kenneth Donkel** **7220 W. 194th Street, Suite 105** **Tinley Park, IL 60487** | **5,413.25** | Withdrawn |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED: _____        _____

THOMAS B. SULLIVAN, TRUSTEE

## PROFESSIONAL FEES AND EXPENSES

|  | Previously Allowed | Pending Compensation Applications | Fees & Expenses Total |
|---|---|---|---|
| **Attorney for Trustee** | | | |
| Grochocinski, Grochocinski & Lloyd, Ltd. Fees | 0.00 | 18,000.00 | |
| Grochocinski, Grochocinski & Lloyd, Ltd. Expenses | 0.00 | 149.51 | |
| | | | 18,149.51 |
| **Accountant for Trustee** | | | |
| Alan D. Lasko Fees | 0.00 | 1,259.40 | |
| Alan D. Lasko Expenses | 0.00 | 12.35 | |
| | | | 1,271.75 |
| **Auctioneer for Trustee** | | | |
| AMERICAN AUCTION ASSOCIATES, INC. Expenses | 0.00 | 195.56 | |
| | | | 195.56 |
| **Attorney for Debtor** | | | |
| | | | 0.00 |
| **Other Professionals** | | | |
| | | | 0.00 |
| | | | |
| **TOTALS** | $ 0.00 | $ 19,616.82 | $ 19,616.82 |